NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

ZENTREESE ANN GILLESPIE-MULDREW, *Petitioner/Appellant*,

*v.*

WILLIAM C. MULDREW, *Respondent/Appellee*.

No. 1 CA-CV 13-0730
FILED 10-28-2014

Appeal from the Superior Court in Maricopa County
No.  FC2011-001651
The Honorable David J. Palmer, Judge

**AFFIRMED**

COUNSEL

Zentreese Ann Gillespie-Muldrew, Buckeye
Petitioner/Appellant *in Propria Persona*

---

### DECISION ORDER

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Kent E. Cattani joined.

---

**K E S S L E R**, Judge:

**¶1**      Appellant Zentreese Ann Gillespie-Muldrew ("Mother") appeals the superior court's order modifying child custody, parenting time, and child support.  For the reasons stated below, we affirm the superior court's order.

### FACTUAL AND PROCEDURAL HISTORY

**¶2**      Mother and Appellee William C. Muldrew ("Father") were married in 1997.  The couple divorced, and the decree of dissolution was filed by the Maricopa County Superior Court in August 2011.  The decree awarded Mother and Father joint legal custody of their two minor children ("Z.M." and "W.M."), designated Mother primary residential parent, granted parenting time to Father, and ordered Father to pay child support to Mother.

**¶3**      In December 2012, Mother petitioned the superior court to modify child custody, parenting time, and child support, requesting Mother be granted sole legal custody of W.M. and that her parental rights to Z.M. be terminated.  Following an evidentiary hearing, the court modified its previous order and awarded Mother and Father joint legal custody of W.M., awarded Father sole legal custody of Z.M., granted Mother parenting time with W.M three weekends a month, granted Mother limited parenting time with Z.M., and ordered Mother pay child support to Father.

¶4          Mother timely appealed.  We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1) (Supp. 2013).[1]

## DISCUSSION

¶5          Mother claims there was insufficient evidence to support the superior court's modification of child custody, parenting time, and child support.  Further, Mother alleges the court erroneously failed to rule on her request to terminate her parental rights to Z.M.  Finally, without citing any authority, Mother claims the court wrongly decided the issue of how Mother and Father would claim each child on their taxes.

¶6          "It is well established that where a party conducts [her] case in propria persona [s]he is entitled to no more consideration than if [s]he had been represented by counsel, and [s]he is held to the same familiarity with required procedures and the same notice of statutes and local rules as would be attributed to a qualified member of the bar."  *Copper State Bank v. Saggio*, 139 Ariz. 438, 441, 679 P.2d 84, 87 (App. 1983).  Therefore, although Mother is a nonlawyer, representing herself, we hold her to the same standards as a practiced attorney.

¶7          Mother's opening brief falls short of conforming to the requirements of Rule 13 of the Arizona Rules of Civil Appellate Procedure ("ARCAP").  The brief includes neither a basis of this Court's jurisdiction nor the proper standard of review, lacks any reference to the record in the statement of facts, and fails to cite to authorities in the argument.  *See* ARCAP 13(a).  Mother's failure to conform to these rules restricts our evaluation of her arguments and claims.  Given that restriction, this Court has previously held that it will not consider assertions "offered without elaboration or citation to any constitutional provisions or legal authority." *In re U.S. Currency in Amount of $26,980.00*, 199 Ariz. 291, 299, ¶ 28, 18 P.3d 85, 93 (App. 2000).

¶8          Further, Mother has failed to comply with ARCAP 4(c), which requires proof of service to be filed with the clerk of the appellate court.

---

[1] This Court will not consider Mother's claim to the extent that Mother has raised issues arising out of circumstances occurring subsequent to the superior court's order.  Mother must first present those arguments to the superior court for resolution.  *See Maricopa County v. State*, 187 Ariz. 275, 281, 928 P.2d 699, 705 (App. 1996) ("An appellate court will generally not consider an issue on appeal that was not first presented to the trial court for resolution.").

Mother neglected to provide a certificate of service indicating her opening brief was served on Father, despite the clerk of the appellate court requesting her to do so after the filing of her opening brief.

¶9            Finally, the record Mother has provided does not contain the transcript of the evidentiary hearing, which led to the superior court's under advisement ruling.  "A party is responsible for making certain the record on appeal contains all transcripts or other documents necessary for us to consider the issues raised on appeal." *Baker v. Baker*, 183 Ariz. 70, 73, 900 P.2d 764, 767 (App. 1995).  When an appellant fails to include such items, "we assume they would support the [superior] court's findings and conclusions." *Id.*  As such, and in light of Mother's claims of insufficient evidence, we presume the transcript Mother has failed to provide supports the court's order.

¶10          **THEREFORE, IT IS ORDERED** affirming the superior court's order modifying child custody, parenting time, and child support.



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh

4